UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTEN BLACKGOLD, aka Mitchell Quentin Grady, CDCR #AS-8775,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PATRICIA MADISON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 23-CV-1740-JLS (DDL)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF Nos. 1, 2) |

Plaintiff Suten Blackgold ("Blackgold" or "Plaintiff"), also known as Mitchell Quentin Grady, currently incarcerated at Kern Valley State Prison ("KVSP"), has filed a civil rights Complaint ("Compl.," ECF No. 1) pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP Mot.," ECF No. 2). For the reasons set forth below, the Court denies Plaintiff's IFP Motion and directs him to pay the civil filing fee to avoid dismissal.

**I.    IFP Motion**

In order to further "the congressional goal of reducing frivolous prisoner litigation in federal court," the Prison Litigation Reform Act ("PLRA") § 804(g), 28 U.S.C.

1  § 1915(g) (1996) provides that prisoners with three strikes or more cannot proceed *in forma*
2  *pauperis* ("IFP").  *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).  A prisoner has
3  three strikes if

> "on [three] or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

28 U.S.C. § 1915(g).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from proceeding IFP in federal court unless he can show he is facing "imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005), but "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike," *id.* at 1120.  After reviewing its docket, the Court finds that Plaintiff, also known as Mitchell Quentin Grady and identified with CDCR #AS-8775, has three strikes that render him ineligible to proceed IFP.  Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).  They are:

(1)  *Grady v. Wyatt*, Civil Case No. 3:20-cv-01631-AJB-BGS (S.D. Cal. Oct. 29, 2020 and Jan. 6, 2021) (Orders dismissing action for failing to state a claim

/ / /

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and for failure to prosecute) (ECF Nos. 5–6) (strike one);[1]

(2) *Grady v. Correa*, Civil Case No. 3:20-cv-01997-AJB-JLB (S.D. Cal. Jan 12, 2021) (Orders dismissing action for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)) (ECF No. 8) (strike two);

(3) *Blackgold v. Madden, et al.*, Civil Case No. 3:22-cv-00915-MMA-WVG (S.D. Cal. Dec. 5, 2022) (Order dismissing action as duplicative of 20cv1273-MMA-WVG) (ECF No. 8) (strike three).[2]

Accordingly, because Blackgold has accumulated three "strikes" pursuant to § 1915(g) while incarcerated, he cannot proceed IFP unless he meets the "imminent danger" exception to the three strikes provision of the PLRA. To do so, his pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056 (internal quotation marks omitted) (quoting *Merriam-Webster's Collegiate Dictionary* 580 (10th ed. 1999)), and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm," *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

Blackgold's Complaint and attached exhibits allege Defendants, who he alleges are Imperial County District Attorneys, "stacked false felony convictions intentionally" in the 2010 San Diego superior court case no. SCD216913, and that Defendant Madison "tr[ied] to viciously trick [him] into admitting to all these false felony convictions" in 2022. Compl. at 2–3. Based on these allegations, the Court finds Blackgold has not met the imminent danger exception to the three strikes rule because he is not facing a harm that is

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend.").

[2] *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (a complaint that "merely repeats pending or previously litigated claims" may properly be considered frivolous).

"ready to take place," or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056 (internal quotation marks omitted) (quoting *Merriam-Webster's Collegiate Dictionary* 580 (10th ed. 1999)); *see also*, *e.g.*, *Jensen v. Knowles*, 621 F. Supp. 2d 921, 927 (E.D. Cal. 2008) (finding the plaintiff's allegation that defendants were withholding religious books insufficient to satisfy the imminent danger exception of § 1915(g)).

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(6) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: November 13, 2023

Hon. Janis L. Sammartino
United States District Judge